```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

TINA NICOLE WEST,                  :
                                   :
    Plaintiff,                     :
                                   :
vs.                                :     CIVIL ACTION 12-0004-M
                                   :
MICHAEL J. ASTRUE,                 :
Commissioner of Social Security,   :
                                   :
    Defendant.                     :


MEMORANDUM OPINION AND ORDER

    In this action under 42 U.S.C. § 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 11).  The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 18).  Oral argument was waived in this action (Doc. 21).  Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED**.

    This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and

Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

   At the time of the administrative hearing, West was thirty-five years old, had completed an eighth-grade special education curriculum (Tr. 35), and had previous work experience as a cashier, assistant store manager, and a maid (Tr. 37-38). In claiming benefits, Plaintiff alleges disability due to degenerative disc disease of the thoracic lumbar spine (Doc. 11 Fact Sheet).

   The Plaintiff filed a protective application for SSI on March 5, 2009 (Tr. 119-26; *see also* Tr. 16). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although West could not return to her past relevant work, there were specific light work jobs which she could perform (Tr. 16-24). Plaintiff requested review of the

2

hearing decision (Tr. 11-12) by the Appeals Council, but it was denied (Tr. 1-5).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, West alleges that the ALJ did not pose a proper hypothetical to the Vocational Expert (hereinafter *VE*) (Doc. 11). Defendant has responded to—and denies—this claim (Doc. 15). The Court finds it unnecessary to review all of the evidence of record, so will proceed to West's claim.

Plaintiff has asserted that the ALJ did not pose a complete hypothetical to the VE at the evidentiary hearing. More specifically, West asserts that the ALJ failed to include, in her question, the frequency that the hypothetical individual would have to switch from sitting to standing, and vice-versa (Doc. 11, pp. 3-4). Plaintiff also asserts that the ALJ's determination that unskilled light work exists with a sit/stand option is incorrect. The court notes that the Eleventh Circuit Court of Appeals has held that an ALJ's failure to include severe impairments suffered by a claimant in a hypothetical question to a VE to be reversible error where the ALJ relied on that expert's testimony in reaching a disability decision. *Pendley v. Heckler*, 767 F.2d 1561 (11th Cir. 1985).

3

In her decision, the ALJ determined that West had the residual functional capacity (hereinafter *RFC*) to perform less than a full range of light work.[1]  She specifically found that Plaintiff

> is limited to work which will only require the claimant to:  lift/carry 20 pounds occasionally; lift/carry 10 pounds frequently; perform no overhead reaching; never climb ladders/scaffolds/ropes; not work around unprotected heights or dangerous equipment; rarely operate foot controls; rarely climb stairs/ramps; and rarely bend, stoop, kneel, crouch or crawl.  The claimant is also limited to work which will allow her to alternate between the sitting and standing position, but she would not need to leave her work station.  The claimant is further limited to work which will not require her to understand, remember or carry out complex instructions (*i.e.*, the claimant is limited to work which will require her to understand, remember and carry out no more than simple, routine repetitive tasks).

(Tr. 18-19).  At the evidentiary hearing, the ALJ first asked

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."  20 C.F.R. § 416.967(b) (2012).

the VE to discuss and classify West's past jobs (Tr. 50-53). After the answer was received, the ALJ posed a hypothetical question that included all of the limitations set out in the ALJ's RFC findings for Plaintiff (Tr. 53-54; *cf.* Tr. 18-19). The VE indicated that West would not be able to perform any of her past relevant work because of the sit/stand option and the requirement for performing simple repetitive tasks (Tr. 54). When the ALJ asked if there were any jobs available within the parameters of the hypothetical question, the VE answered yes with the following jobs:  information clerk, mail clerk, parking lot attendant, and companion or sitter (Tr. 54-55).  The VE went on to testify, after further questioning, that his conclusions were based on his thirty years of experience in job placement activities and that his conclusions were consistent with the *Dictionary of Occupational Titles* (hereinafter *DOT*) (Tr. 55-56). Following this testimony, Plaintiff's attorney posed the following questions of the VE:

> Q    The descriptions of the jobs identified
> in hypothetical number one are based on the
> DOT descriptions, correct?
>
> A    That's correct.
>
> Q    Okay, so, if we perform the job of say
> sitter, in your experience and in your
> opinion, it would allow for the opportunity

5

>   to alternate sitting or standing without
>   leaving, what the court referred to as, the
>   work station or work position?
>
>   A    What is important is how frequently
>   they have to change position and that was not
>   a part of the hypothetical question one.

(Tr. 56-57).  The Court notes that the questions posed by West's attorney are the basis for her claim in this action that the ALJ posed an incomplete hypothetical to the VE.

The Court will first address Plaintiff's assertion that the ALJ's determination that unskilled light work exists with a sit/stand option is incorrect (Doc. 11, p. 4).  West directs the Court's attention to Social Security Ruling 83-12 as support for the claim.

The Court has reviewed SSR 83-12 and finds that Plaintiff's assertion is wrong.  The Ruling does not state that there are no such jobs, but that the work place is not generally structured so that there are many of those jobs available.  The Ruling went on to state, though, that a VE should be called to "clarify the implications for the occupational base."  SSR 83-12, *4.  That is exactly what the ALJ in this action did.

Of course, the Court understands that the real point of Plaintiff's argument is that the ALJ failed to include, in her question to the VE, the frequency that the hypothetical

6

individual would have to switch from sitting to standing, and vice-versa.

The Court finds no merit in this argument.  West has pointed to no medical evidence suggesting that she is unable to sit or stand for any particular length of time; her own testimony of limitation was discredited, a finding not challenged in this action.  The ALJ made a determination as to Plaintiff's RFC, which is solely within the province of the ALJ. 20 C.F.R. § 404.1546 (2012).  West has not challenged the RFC finding.  The ALJ then questioned a VE as to whether there were jobs available for a person with that RFC; the VE said that there were.  The Court finds that the ALJ's determinations that Plaintiff is capable of performing the jobs of information clerk, mail clerk, parking lot attendant, and companion or sitter and that she is not disabled are supported by substantial evidence.

Plaintiff has raised a single claim in this action.  It is without merit.  Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Perales*, 402 U.S. at 401.  Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th

7

Cir. 1980), and that this action be **DISMISSED**. Judgment will be entered by separate Order

DONE this 27th day of August, 2012.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE