IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TINA NICOLE WEST,                       :
                                        :
     Plaintiff,                         :
                                        :
vs.                                     :        CIVIL ACTION 12-0004-M
                                        :
MICHAEL J. ASTRUE,                      :
Commissioner of Social Security,        :
                                        :
     Defendant.                         :

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. § 1383(c)(3), Plaintiff

seeks judicial review of an adverse social security ruling which

denied a claim for Supplemental Security Income (hereinafter

*SSI*) (Docs. 1, 11).  The parties filed written consent and this

action has been referred to the undersigned Magistrate Judge to

conduct all proceedings and order the entry of judgment in

accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc.

18).  Oral argument was waived in this action (Doc. 21).  Upon

consideration of the administrative record and the memoranda of

the parties, it is **ORDERED** that the decision of the Commissioner

be **AFFIRMED** and that this action be **DISMISSED.**

This Court is not free to reweigh the evidence or

substitute its judgment for that of the Secretary of Health and

1

Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239
(11th Cir. 1983), which must be supported by substantial
evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The
substantial evidence test requires "that the decision under
review be supported by evidence sufficient to justify a
reasoning mind in accepting it; it is more than a scintilla, but
less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918
(11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205
(D. Md. 1982).

At the time of the administrative hearing, West was thirty-
five years old, had completed an eighth-grade special education
curriculum (Tr. 35), and had previous work experience as a
cashier, assistant store manager, and a maid (Tr. 37-38). In
claiming benefits, Plaintiff alleges disability due to
degenerative disc disease of the thoracic lumbar spine (Doc. 11
Fact Sheet).

The Plaintiff filed a protective application for SSI on
March 5, 2009 (Tr. 119-26; *see also* Tr. 16). Benefits were
denied following a hearing by an Administrative Law Judge (ALJ)
who determined that although West could not return to her past
relevant work, there were specific light work jobs which she
could perform (Tr. 16-24). Plaintiff requested review of the

hearing decision (Tr. 11-12) by the Appeals Council, but it was denied (Tr. 1-5).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, West alleges that the ALJ did not pose a proper hypothetical to the Vocational Expert (hereinafter *VE*) (Doc. 11).  Defendant has responded to—and denies—this claim (Doc. 15).  The Court finds it unnecessary to review all of the evidence of record, so will proceed to West's claim.

Plaintiff has asserted that the ALJ did not pose a complete hypothetical to the VE at the evidentiary hearing.  More specifically, West asserts that the ALJ failed to include, in her question, the frequency that the hypothetical individual would have to switch from sitting to standing, and vice-versa (Doc. 11, pp. 3-4).  Plaintiff also asserts that the ALJ's determination that unskilled light work exists with a sit/stand option is incorrect.  The court notes that the Eleventh Circuit Court of Appeals has held that an ALJ's failure to include severe impairments suffered by a claimant in a hypothetical question to a VE to be reversible error where the ALJ relied on that expert's testimony in reaching a disability decision. *Pendley v. Heckler*, 767 F.2d 1561 (11th Cir. 1985).

In her decision, the ALJ determined that West had the residual functional capacity (hereinafter *RFC*) to perform less than a full range of light work.[1]  She specifically found that Plaintiff

> is limited to work which will only require
> the claimant to:  lift/carry 20 pounds
> occasionally; lift/carry 10 pounds
> frequently; perform no overhead reaching;
> never climb ladders/scaffolds/ropes; not work
> around unprotected heights or dangerous
> equipment; rarely operate foot controls;
> rarely climb stairs/ramps; and rarely bend,
> stoop, kneel, crouch or crawl.  The claimant
> is also limited to work which will allow her
> to alternate between the sitting and standing
> position, but she would not need to leave her
> work station.  The claimant is further
> limited to work which will not require her to
> understand, remember or carry out complex
> instructions (*i.e.*, the claimant is limited
> to work which will require her to understand,
> remember and carry out no more than simple,
> routine repetitive tasks).

(Tr. 18-19).  At the evidentiary hearing, the ALJ first asked

---

[1]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."  20 C.F.R. § 416.967(b) (2012).

the VE to discuss and classify West's past jobs (Tr. 50-53).

After the answer was received, the ALJ posed a hypothetical

question that included all of the limitations set out in the

ALJ's RFC findings for Plaintiff (Tr. 53-54; *cf.* Tr. 18-19).

The VE indicated that West would not be able to perform any of

her past relevant work because of the sit/stand option and the

requirement for performing simple repetitive tasks (Tr. 54).

When the ALJ asked if there were any jobs available within the

parameters of the hypothetical question, the VE answered yes

with the following jobs:  information clerk, mail clerk, parking

lot attendant, and companion or sitter (Tr. 54-55).  The VE went

on to testify, after further questioning, that his conclusions

were based on his thirty years of experience in job placement

activities and that his conclusions were consistent with the

*Dictionary of Occupational Titles* (hereinafter *DOT*) (Tr. 55-56).

Following this testimony, Plaintiff's attorney posed the

following questions of the VE:

> Q     The descriptions of the jobs identified
> in hypothetical number one are based on the
> DOT descriptions, correct?
>
> A     That's correct.
>
> Q     Okay, so, if we perform the job of say
> sitter, in your experience and in your
> opinion, it would allow for the opportunity

to alternate sitting or standing without
leaving, what the court referred to as, the
work station or work position?

A        What is important is how frequently
they have to change position and that was not
a part of the hypothetical question one.

(Tr. 56-57).  The Court notes that the questions posed by West's

attorney are the basis for her claim in this action that the ALJ

posed an incomplete hypothetical to the VE.

The Court will first address Plaintiff's assertion that

the ALJ's determination that unskilled light work exists with a

sit/stand option is incorrect (Doc. 11, p. 4).  West directs the

Court's attention to Social Security Ruling 83-12 as support for

the claim.

The Court has reviewed SSR 83-12 and finds that Plaintiff's

assertion is wrong.  The Ruling does not state that there are no

such jobs, but that the work place is not generally structured

so that there are many of those jobs available.  The Ruling went

on to state, though, that a VE should be called to "clarify the

implications for the occupational base."  SSR 83-12, *4.  That

is exactly what the ALJ in this action did.

Of course, the Court understands that the real point of

Plaintiff's argument is that the ALJ failed to include, in her

question to the VE, the frequency that the hypothetical

6

individual would have to switch from sitting to standing, and vice-versa.

The Court finds no merit in this argument.  West has pointed to no medical evidence suggesting that she is unable to sit or stand for any particular length of time; her own testimony of limitation was discredited, a finding not challenged in this action.  The ALJ made a determination as to Plaintiff's RFC, which is solely within the province of the ALJ. 20 C.F.R. § 404.1546 (2012).  West has not challenged the RFC finding.  The ALJ then questioned a VE as to whether there were jobs available for a person with that RFC; the VE said that there were.  The Court finds that the ALJ's determinations that Plaintiff is capable of performing the jobs of information clerk, mail clerk, parking lot attendant, and companion or sitter and that she is not disabled are supported by substantial evidence.

Plaintiff has raised a single claim in this action.  It is without merit.  Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401.  Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th

7

Cir. 1980), and that this action be **DISMISSED**.  Judgment will be entered by separate Order

    DONE this 27th day of August, 2012.


                                  s/BERT W. MILLING, JR.
                                  UNITED STATES MAGISTRATE JUDGE

8